Filed 3/22/13  In re Elijah A. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re ELIJAH A., a Person Coming Under the Juvenile Court Law. | B244702 |
| THE PEOPLE, | (Los Angeles County Super. Ct. No. GJ29670) |
| Plaintiff and Respondent, | |
| v. | |
| ELIJAH A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robin Miller Sloan, Judge.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

The People filed a petition (Welf. & Inst. Code, § 602) alleging that 14-year-old Elijah A. had committed the offense of misdemeanor battery on a school employee. (Pen. Code, § 243.6.) At the adjudication, the victim, Sevan Sarkisyan, testified that he worked as a school district security officer assigned to Pasadena High School. During a school day, Sarkisyan was escorting Elijah to an assistant principal's office when Elijah grabbed Sarkisyan's forearm. The assistant principal also testified that Elijah grabbed Sarkisyan's arm. Elijah held onto Sarkisyan's arm for approximately 10 seconds. The juvenile court found that Elijah committed the alleged offense. The court ordered Elijah placed home on probation.

## DISCUSSION

We appointed counsel to represent Elijah on appeal. Counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the procedural and factual history of the case and requesting that we review the entire record on appeal for arguable issues. Our court notified Elijah by letter that he could submit any claims or arguments which she wished our court to consider. Elijah did not respond.

We have independently reviewed the record on appeal, and are satisfied that appointed counsel fulfilled his duty, and that no arguable issues exist. (See *People v. Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.) "A battery is any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.) The statutory language is interpreted to require a "touching." (See, e.g., *People v. Mansfield* (1988) 200 Cal.App.3d 82, 87-88.) The "least touching" may constitute a battery; it need not be severe, nor cause bodily injury or pain or leave a mark; a defendant need not intend to injure, but only have the intent to commit the act. (*Ibid*.) The record supports the juvenile court's finding that Elijah unlawfully touched a school employee.

**DISPOSITION**

The judgment is affirmed.

BIGELOW, P. J.

We concur:

RUBIN, J.

GRIMES, J.